O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JACOB HOWARD,                    )    Case No. CV 10-05081-JFW (OP)
                                 )
                Plaintiff,       )
                                 )
        v.                       )    ORDER RE: DISMISSAL OF CIVIL
                                 )    RIGHTS COMPLAINT FOR FAILURE
LEE BACA, SHERIFF;               )    TO PROSECUTE AS TO DEFENDANT
MAURICE JUNIOUS,                 )    SCOTTS
WARDEN; LT. SCOTTS,              )
CORRECTIONAL OFFICER,            )
                                 )
                Defendants.      )

## I.

## PROCEEDINGS

On November 17, 2010, Jacob Howard ("Plaintiff"), appearing pro se, filed a First Amended Civil Rights Complaint pursuant to 42 U.S.C. § 1983 ("FAC"). (ECF No. 11.)  On November 29, 2010, the Court ordered service of the FAC. (ECF Nos. 13, 14.)  The FAC names as Defendants Los Angeles County Sheriff Lee Baca, North Kern Valley State Prison ("NKVSP") Warden Maurice Junious, and Lt. Scotts, a correctional officer at NKVSP.  (FAC at 3, 4.)  The FAC alleges an Eighth Amendment violation for cruel and unusual punishment.  (Id. at 5.) Plaintiff sues Defendants Baca and Junious in their individual and official capacities.  (Id. at 3.)  Plaintiff sues Defendant Scotts in his individual capacity only.  (Id. at 4.)  Plaintiff seeks relief in the form of monetary damages.  (Id. at 6.)

1
2
3
4
5
6
7
8
9
10
11

Although the Court ordered service on all three Defendants (ECF No. 13), and Plaintiff submitted a notice of submission to the United States Marshal (ECF No. 16), service was not made on Defendant Scotts, as no one by that name worked at NKVSP (ECF No. 27).  On September 22, 2011, the Court issued an Order to Show Cause ("OSC") no later than October 28, 2011, why this matter should not be dismissed as to Defendant Scotts for failure to prosecute.  The Court admonished Plaintiff that his "failure to file the required proof of service by October 28, 2011, shall result in the Court recommending that this action be dismissed without prejudice as to Defendant Scotts for failure to prosecute." (ECF No. 41.)  To date, Plaintiff has not responded to the OSC and has not filed the proof of service as to Defendant Scotts.

12
13

For the reasons set forth below, the Court finds that dismissal of this action as to Defendant Scotts for failure to prosecute is warranted.

14

**II.**

15

**DISCUSSION**

16
17
18
19
20
21
22
23

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders.  See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

24
25
26
27
28

The Ninth Circuit has cited the following factors as relevant to the district court's determination of whether dismissal of a pro se plaintiff's action is warranted:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)

2

1   the public policy favoring disposition of cases on their merits, and (5) the

2   availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th

3   Cir. 1988).

4          Here, Plaintiff has not responded to the OSC and has not filed the proof of

5   service as to Defendant Scotts. Plaintiff's conduct indicates that he does not

6   intend to litigate this action diligently as to Defendant Scotts. Thus, these facts

7   weigh in favor of dismissal as to Defendant Scotts.

8          Next, a rebuttable presumption of prejudice to defendants arises when a

9   plaintiff unreasonably delays prosecution of an action. See In re Eisen, 31 F.3d

10  1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is

11  unwarranted here. Thus, the third factor also weighs in favor of dismissal.

12         It is a plaintiff's responsibility to move a case toward a disposition at a

13  reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan

14  Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). By failing to respond to the OSC

15  and not filing the proof of service as to Defendant Scotts, Plaintiff has not

16  discharged this responsibility. In these circumstances, the public policy favoring

17  resolution of disputes on the merits does not outweigh Plaintiff's failure to comply

18  with the Court's order. Thus, the fourth factor weighs in favor of dismissal.

19         Finally, the Court attempted to avoid dismissal by advising Plaintiff that

20  failure to respond to the OSC could lead to the dismissal of the action for failure to

21  prosecute. Plaintiff has not responded to the OSC and has not filed the proof of

22  service as to Defendant Scotts. Thus, the fifth factor weighs in favor of dismissal.

23         Based on the foregoing, the Court finds that dismissal of the FAC as to

24  Defendant Scotts for failure to prosecute is warranted.

25  / / /

26  / / /

27  / / /

28

3

# III.

# ORDER

IT IS THEREFORE ORDERED that the First Amended Complaint is hereby dismissed without prejudice for failure to prosecute as to Defendant Scotts.[1]


DATED: December 7, 2011

_____
HONORABLE JOHN F. WALTER
United States District Judge


Presented by:

_____
HONORABLE OSWALD PARADA
United States Magistrate Judge

---

[1]  On November 16, 2011, an Order was entered:  (1) dismissing the action as to Defendant Baca without prejudice for failure to exhaust administrative remedies; (2) denying Defendant Junious' Motion to Dismiss for failure to exhaust administrative remedies without prejudice; (3) denying Defendant Junious' Motion to Dismiss pursuant to Rule 12(b)(6); (4) dismissing the claim for damages against Defendant Junious in his official capacity with prejudice; and (5) ordering Defendant Junious to file an Answer to the First Amended Complaint. (ECF No. 45.)  Thus, this action remains pending as to Defendant Junious only.